IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELAINE MARIE MOORMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-0405-MJR |
| | ) |
| WALMART SUPERCENTER and WALMART HOME OFFICE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**REAGAN, District Judge:**

Plaintiff Elaine Moorman has moved, pursuant to 28 U.S.C. § 1915, for the Court to allow her to commence her employment discrimination suit against Walmart without prepayment of fees (Doc. 2) and for the United States Marshal to serve process on Walmart (Doc. 4). The Court cannot grant either motion.

The reason that the Court cannot grant the motion to proceed *in forma pauperis* is that Moorman can pay the filing fee. On a motion to proceed *in forma pauperis*, the Court is supposed to determine if the litigant "is unable to pay such fees," such as the filing fee, "or give security therefor." 28 U.S.C. § 1915(a)(1) (2006); *see also Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988) (noting that "district courts must make a preliminary determination that the prospective litigant is indigent" (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985))). According to her affidavit, she is able to pay the filing fee. Although Moorman presently has no income and monthly expenses of about $1500,[1] she has approximately $10,000 in available cash assets,[2] including a

---

[1] Moorman lists in her affidavit personal loans and withdrawals from retirement funds as "income," but the Court is not counting these as income because they are really either debt or depletion of assets.

money order made out to the Clerk of the Court for $350 "in case the court will not waive the fee" as well as $455 reserved "for appeal if the court rejects case." Although Moorman is obviously not in good financial straits having lost her employment and being in debt, it appears that she can pay the filing fees for the case in this Court.

Her motion for service of process at the expense of the government also cannot be granted. The Court must grant a motion for service by the U.S. Marshal only if it also allows the plaintiff to proceed *in forma pauperis*, Fed. R. Civ. P. 4(c)(2), which is not the case here. It may grant the motion in other cases, *id.*, but the Court is not convinced that this case, as it stands now, is a case that warrants service by the U.S. Marshal as Moorman has not attempted service yet. If Moorman were able to show later that (1) Walmart will not waive service under Rule 4(d)(2) and (2) she cannot effectuate service of process, then the Court will revisit service by the U.S. Marshal.[3]

Because she is able to pay the filing fees, the Court **DENIES** her motion to proceed *in forma pauperis* (Doc. 2) and her motion for service of process (Doc. 4). Moorman must pay the $350 filing fee to the Clerk of Court by **Friday, July 2, 2010** or her case will be **DISMISSED** without prejudice. Proceedings are **SUSPENDED** until the filing fee is paid.

**IT IS SO ORDERED.**

**DATED June 2, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

---

[2] This figure does not include the approximately $55,000 individual retirement account.

[3] Moorman should know that even if the Court finds that service by the marshal is appropriate at a later date, it is unlikely to waive the fees that the Marshals Service charges for service of process (currently $55/hr plus travel costs and out-of-pocket expenses, 28 C.F.R. § 0.114(a)(3) (2009)) unless Moorman is unable to pay them.