THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELAINE MOORMAN,                          )
                                         )
              Plaintiff,                 )
                                         )
vs.                                      )        Case No. 10-cv-405-MJR-CJP
                                         )
WAL-MART STORES, INC.,                   )
                                         )
              Defendant.                 )

MEMORANDUM and ORDER

REAGAN, District Judge:

        Before the Court is "Defendant Wal-Mart's Motion to Dismiss Plaintiff's
Complaint" (Doc. 10).

I. Introduction and Procedural Background

        In May 2010, pro se Plaintiff Elaine Marie Moorman, filed suit in the District
Court of the Southern District of Illinois, against Wal-Mart Stores, Inc. ("Wal-Mart") (Doc. 1).
The matter proceeds on Moorman's complaint which alleges as follows.

        Between June 13, 2006, and November 5, 2008, Moorman was employed as a
cashier by Wal-Mart Supercenter in Flora, Illinois. During this time, Moorman allegedly
experienced a series of miscellaneous events that occurred with fellow employees of Wal-Mart.
On November 5, 2008, Moorman terminated her employment at Wal-Mart because of a
scheduling conflict.[1]

        Plaintiff filed a complaint with the U.S. Equal Employment Opportunity
Commission ("EEOC"). The EEOC terminated the action on March 5, 2010, and notified

_____

[1] In her complaint, Moorman alleges she was scheduled to work eight days in a row—a practice that is
against company policy.  As a result, Moorman terminated her employment at Wal-Mart (Doc. 1).

Moorman of her right to sue in federal court within ninety days of the termination.

Moorman filed her complaint on May 28, 2010 (Doc. 1).  Moorman's complaint contains allegations of age discrimination, sex discrimination, disability discrimination, sexual harassment, and an adverse employment action due to the "possible assumption that [Moorman] worked for a labor union and/or belonged to a labor union."  Moorman seeks back pay, front pay, costs of suit, money damages, liquidated double damages, prejudgment interest, post-judgment interest, attorney's fees, expert witness fees, and injunctive relief.

On August 26, 2010, Wal-Mart moved to dismiss Moorman's complaint for bringing time-barred claims and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)  (Doc. 10).  Moorman filed a Response in Opposition to which no reply was filed (Doc. 23).  The Court now rules on Wal-Mart's motion to dismiss, which is fully briefed.

## II. Applicable Legal Standards

Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007).  In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor.  *Tricontinental Industries, Inc., Ltd. v. Price Wa terhouse Coopers, LLP,* 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006).  Although federal complaints need only plead claims (not facts), the pleading regime created by *Bell Atlantic* requires the complaint to allege a plausible theory of liability against the defendant.  *Sheridan v. Marathon Petroleum Co., LLC,*

530 F.3d 590, 596 (7th Cir. 2008); s*ee also Limestone Dev. Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803-804 (7th Cir. 2008).

In *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008), the Court of Appeals for the Seventh Circuit emphasized that even though *Bell Atlantic* "retooled federal pleading standards," notice pleading is still all that is required. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Id. Accord Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008) (the allegations "must be enough to raise a right to relief above the speculative level").

In the specific context of claims of employment discrimination, the Seventh Circuit instructed that "a plaintiff alleging employment discrimination . . . may allege these claims quite generally." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). "A complaint need not 'allege all, or *any,* of the facts logically entailed by the claim,' and it certainly need not include evidence." *Id.* (quoting *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998)) (emphasis in original). Instead, "the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together.").[2]

---

[2] For example, "[a] plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else." *Swanson,* 614 F.3d at 404–05. In comparison, "[a] more complex case involving financial derivatives, or tax fraud that the parties tried hard to conceal, or antitrust violations" will require more detail. *Id*. at 405.

Under that minimal pleading standard, "in order to prevent dismissal under Rule 12(b)(6), a complaint alleging [employment] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [protected status]." *Tamayo, 526 F.3d.* at 1084. "[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her [protected status], there is no further information that is both easy to provide and of clear critical importance to the claim." *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 782 (7th Cir. 2007). Moreover, this Court bears in mind that *pro se* pleadings, such as plaintiff's complaint, must be liberally construed. *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996).

### III.  Analysis

#### A.  *Plaintiff's Claims Against Wal-Mart are not Time Barred*

Defendant contends Moorman is precluded from bringing a lawsuit against Wal-Mart based on any incident that occurred more than 300 days before she filed her Charge of Discrimination with the EEOC (Doc. 10). In response, Moorman invokes the "continuing violation doctrine" (Doc. 23).

The Age Discrimination in Employment Act, 29 U.S.C. § 623(a), prohibits employers from discriminating against individuals on the basis of their age. *Horwitz v. Board of Educ. of Avoca School District No. 37,* 260 F.3d 602, 610 (7th Cir.2001); *Broadwater v. Heidtman Steel Products, Inc.*, 182 F. Supp. 2d 705, 715–16 (S.D. Ill. 2002). Title VII, 42 U.S.C. § 2000e-2(a)(1), forbids employers from engaging in actions that "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

because of such individual's race, color, religion, sex, or national origin." *Berry v. Delta Airlines, Inc.,* 260 F.3d 803, 808 (7th Cir. 2001).

Both Title VII and the ADEA delineate certain prerequisites which an individual must satisfy before he may institute a lawsuit. For instance, an aggrieved employee in Illinois must file a charge with the EEOC within 300 days of the time that his action began to accrue. 42 U.S.C. § 2000e-5(a); 29 U.S.C. § 626(d)(2); *Skouby v. Prudential Ins. Co. of Am.*, 130 F.3d 794, 797 (7th Cir. 1997). An employee's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful. *Thelen v. Marc's Big Boy Corp.,* 64 F.3d 264, 267 (7th Cir. 1995). Resolution of this issue requires analysis of Moorman's EEOC charge and initial complaint filed in this Court.

In this Court, Moorman alleges that a series of events during her employment with Wal-Mart (between June 13, 2006, and November 5, 2008) constituted age discrimination, sex discrimination, disability discrimination, and sexual harassment, violative of the ADEA and Title VII. Moorman mailed her EEOC charge on March 26, 2009 (Doc. 23). On April 21, 2009, the Kansas City Area Office for the EEOC notified Moorman that her charge would be transferred to the Chicago District Office for appropriate jurisdiction (Doc. 23, Exhibit C). The EEOC Chicago District Office date-stamped Moorman's EEOC Charge on April 24, 2009 (Doc. 10, Exhibit A). Moorman received a right-to-sue letter on that charge on or about March 5, 2010. She filed suit within 90 days of receiving the right-to-sue letter. Therefore, this suit encompasses actions taken by the Defendant within 300 days prior to April 24, 2009 (the date Moorman filed the EEOC charge). Three hundred days before April 24, 2009 is June 28, 2008.

Because Moorman references conduct that occurred prior to June 28, 2008, such allegations would be time-barred unless they are saved by an equitable doctrine. Accordingly, Moorman seeks to invoke the "continuing violation doctrine" (Doc. 23).

First, the continuing violation doctrine allows a plaintiff to obtain relief for time-barred acts by linking them with acts falling within the limitations period. *See Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992). Courts treat the combination of timely and time-barred acts as "one continuous act that ends within the limitations period." *Shanoff v. Illinois Dept. of Human Services,* 258 F.3d 696, 703 (7th Cir. 2001). Although often allowing a plaintiff to find refuge in the continuing violation theory on a hostile environment claim, the Seventh Circuit generally rejects such relief for allegations regarding a specific action like a firing, a suspension, or a refusal to promote—*i.e.,* defined acts that happen on a particular date. *See id.*

As the Seventh Circuit noted in *Shanoff,* to avail himself of the continuing violation theory: "the plaintiff must . . . demonstrate that . . . the harm about which [he] is complaining is part of a pattern of conduct, and [he] 'was reasonable not to perceive [his] working conditions as intolerable until the acts of harassment had, through repetition or cumulation, reached the requisite level of severity.' " *Id.* at 703, *citing Russell v. Board of Trustees of the Univ. of Ill. at Chicago,* 243 F.3d 336, 343 (7th Cir. 2001), and *DeClue v. Central Ill. Light Co.,* 223 F.3d 434, 435–36 (7th Cir. 2000).

Here, Moorman alleges a series of events that, when taken together, may be interpreted as a pattern of conduct which she did not perceive as discriminatory until later acts of harassment revealed them to be such. Specifically, Moorman refers to issues involving Supervisor Angela Edwards. These occurrences were allegedly "part of a string of events that

were unwelcome, offensive, and sometimes frightening . . . [and] compounded to the point that

the Plaintiff felt she had no alternative except to quit her job." (Doc. 23).   Unlike the Seventh

Circuit's disfavored allegations of firing or refusal to promote that occur on a particular date, the

allegations involving Moorman's supervisor's conduct reflect the preferred repetition or

culmination that results in eventual severity.   Therefore, the continuing violation theory applies to

the allegations contained in Moorman's complaint.

B. *Plaintiff has Failed to State a Claim upon which Relief can be Granted*

1. *Age Discrimination under*
*The Age Discrimination in Employment Act, 29 U.S.C. § 621*

Defendant Wal-Mart argues that Plaintiff Moorman has not pled the most

basic elements necessary to support a claim for age discrimination under federal law.   This Court

agrees.

As an initial matter, because the complaint does not allege any direct

evidence of discrimination, a plaintiff must establish a discrimination claim under the indirect,

burden-shifting method of proof articulated in *McDonnel Douglas Corp. v. Green*, 411 U.S. 792

(1973).   To establish a prima facie case of age discrimination under Title VII under the ADEA,

Moorman must demonstrate the following elements: (1) she is a member of a protected class; (2)

she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse

employment action; and (4) she was treated less favorably than similarly-situated individuals who

are not members of her protected class.   *See Barricks v. Eli Lilly & Co.,* 481 F.3d 556, 559 (7th

Cir. 2007); *Mason v. City of Chicago,* 436 F. Supp. 2d 946, 953 (N.D. Ill. 2006).

While the Seventh Circuit has generously defined "adverse employment action," that term remains subject to limitations.  *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 901 (7th Cir. 2003) (finding plaintiff "must show some quantitative or qualitative change in the terms or conditions of his employment that is more than a mere subjective preference.").  In some cases, it is apparent that an employee has suffered an adverse employment action, for example, "when an employee is fired, or suffers a reduction in benefits or pay." *Smart v. Ball State Univ.,* 89 F.3d 437, 441 (7th Cir. 1996).  However, "adverse job action is not limited solely to loss or reduction of pay or monetary benefits.  It can encompass other forms of adversity as well." *Collins v. State of Ill.,* 830 F.2d 692, 703 (7th Cir. 1987) (noting that "moving an employee's office to an undesirable location, transferring an employee to an isolated corner of the workplace, and requiring an employee to relocate her personal files" have constituted adverse employment actions).

Moorman alleges she is over fifty years old, which classifies her as a member of a protected class (Doc. 1).  She further alleges that she met Wal-Mart's reasonable expectations as demonstrated by continued employment for approximately two years (giving rise to an inference that she performed her job satisfactorily) (Doc. 23).  However, Moorman's claim of age discrimination fails at this point in the analysis.  Moorman does not allege that she was terminated; suffered a reduction in benefits or pay; that she was subject to any change in the terms or conditions of her employment; or suffered from any other form of adversity.  At most, Moorman alleges a reduction in hours as demonstrated by being sent home "before 11:30 p.m." and receiving fewer hours for one week of employment  (Doc. 1).  However, any slight decrease in hours does not constitute, as a matter of law, an adverse employment action, because the

decrease did not produce a material employment disadvantage. *Baucom v. Holiday Companies*, 428 F.3d 764, 767 (8th Cir. 2005).

Moreover, Moorman has not pled facts that Wal-Mart treated her differently than a younger employee who was similarly situated and received more favorable treatment. The record does not disclose the age of other employees, so it is impossible to know whether or not they are members of her protected class. Because Moorman's claim for age discrimination does not contain direct or inferential allegations respecting all the material elements, and fails to set forth "enough facts to state a claim to relief that is plausible on its face," this Court GRANTS Defendant's Motion to Dismiss Moorman's age discrimination claim.

## 2. *Sex Discrimination under*
### *Title VII of the Civil Rights Act of 1967, 42 U.S.C. § 2000e-5*

Defendant argues that Moorman has not pled the most basic elements necessary to support a claim for sex discrimination under federal law. This Court agrees.

To establish a prima facie case of gender discrimination under Title VII under the ADEA, Moorman must demonstrate the following elements: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly-situated individuals who are not members of her protected class. *See Barricks v. Eli Lilly & Co.,* 481 F.3d 556, 559 (7th Cir. 2007).

Because a case for age and sex discrimination under Title VII has the same evidentiary standards, burden of proof, and elements, the age discrimination analysis is applicable to the present claim for sex discrimination. While Moorman alleges she is a female and further

alleges that she met Wal-Mart's reasonable expectations, she ultimately fails to allege an adverse employment action.  Moreover, Moorman has pled no facts that Wal-Mart treated her differently than a male employee who was similarly situated and received more favorable treatment.  Accordingly, this Court GRANTS Defendant's Motion to Dismiss relative to Plaintiff Moorman's Title VII sex discrimination claim.

3.  *Disability Discrimination under
The Americans with Disabilities Act, 42 U.S.C. § 12101*

Defendant argues that Moorman has not pled the most basic elements necessary to support a claim for disability discrimination under federal law.  This Court agrees.

The ADA prohibits an employer from discriminating against a qualified individual with a disability because of that disability.  *Chevron U.S.A. v. Echazabal*, 536 U.S. 73, 78 (2002).  To qualify for relief under the ADA, a plaintiff must establish that she is (1) disabled as defined by the Act; (2) qualified to perform the essential functions of the position with or without reasonable accommodations; and (3) has suffered an adverse employment action because of her disability.  *E.E.O.C. v. Lee's Log Cabin, Inc.*, 546 F.3d 438, 442 (7th Cir. 2008)**.**  The ADA defines "disability" as follows:

> "The term 'disability' means, with respect to an individual—
>
> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such impairment; or
>
> (C) being regarded as having such an impairment."

42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g).

"[W]hether a person has a disability under the ADA is an individualized inquiry." *Sutton v. United Air Lines, Inc*., 527 U.S. 471, 483 (1999). This is because the statute requires the disability issue to be determined by reference to "an individual" and whether a given physical or mental impairment "substantially limits" the "major life activities of such individual." *Id*.; *see also* § 12102(2)(A). Major life activities include, but are not limited to, "functions such as caring for [one's self], performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I). In addition, plaintiff must also demonstrate that she is qualified to perform the essential functions of the position and identify an adverse employment action.

Wal-Mart asserts Moorman fails to identify her disability, does not claim that any of the incidents listed were because of her disability, and therefore, has not pled facts to state a claim for relief that is plausible on its face (Doc. 10). In Moorman's complaint, she lists "head injury" and "Graves Disease" as disabilities (Doc. 1). In Plaintiff's Response to Defendant's Motion to Dismiss, Moorman provides that her "'difficulties with reading and writing following a head injury' makes learning, which is a major life activity, difficult, and because it has been going on for approximately [fifteen] years, the Plaintiff sees no hope on the horizon that it will improve any time soon, if at all." (Doc. 23).

The Court finds that while Moorman alleges a potential disability that limits the major life activity of learning, Moorman ultimately fails to provide an adverse employment action that occurred on account of her disability. Under the ADA, a necessary element of establishing a prima facie case of discrimination is setting forth facts demonstrating the employee suffered an adverse employment action. The ADA prohibits employment discrimination "if a covered

disability is one motivating factor, even if not necessarily the sole cause, of the adverse employment action." *Pernice v. City of Chicago,* 237 F.3d 783, 786 n.3 (7th Cir. 2001). Moorman not only fails to allege an adverse employment action, but also fails to demonstrate that her head injury, and related difficulty in learning, was a motivating factor in that adverse employment action.

Construing all pled facts in her favor, Moorman does not state a claim for disability discrimination sufficient to withstand Wal-Mart's motion to dismiss.   Accordingly, this Court GRANTS Defendant's Motion to Dismiss relative to Plaintiff Moorman's  ADA disability discrimination claim.

### 4.  *Sexual Harassment*

Sexual harassment has been defined as "unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature." *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 65 (1986).  Two types of sexual harassment are actionable under Title VII. See *Burlington Industries v. Ellerth,* 524 U.S. 742, 752 (1998); *Faragher v. Boca Raton,* 524 U.S. 775 (1998).   "Tangible action" claims, are those in which the harassment "culminates in a tangible employment action."  See *Ellerth,* 524 U.S. at 765 ("tangible employment action" may mean discharge, demotion, or undesirable reassignment).  Moorman makes no allegation of a tangible employment action being taken against her; therefore, she must proceed under the hostile environment rubric.

Hostile environment sexual harassment violates Title VII if it is so severe or pervasive that it alters the terms and conditions of the victim's employment.  *Meritor,* 447 U.S. at 67.  However, "Title VII . . . was not designed to purge the workplace of vulgarity, for a certain

amount of vulgar banter, tinged with sexual innuendo is inevitable in the modern workplace, particularly from coarse and boorish workers." *Gleason v. Mesirow Financial Inc.,* 118 F.3d 1134, 1144 (7th Cir. 1997).  A plaintiff claiming sexual harassment based upon a hostile work environment must establish that: "(1) she was subjected to unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; (2) the conduct was severe or pervasive enough to create a hostile work environment; (3) the conduct was directed at her because of her sex; and (4) there is a basis for employer liability." *Rhodes v. Illinois Department of Natural Resources,* 359 F.3d 498, 505 (7th Cir. 2004).

Defendant asserts Moorman fails to plead facts that will sustain a viable sexual harassment claim (Doc. 10).  In response, Moorman cites to an EEOC Training Guide that provides, "[a] charge may also be filed under Title VII, the ADEA, the ADA, or the EPA by an individual who was not subjected to prohibited discrimination but was harmed by prohibited discrimination by others."  (Doc. 23, Ex. G); *see also Stewart v. Hannon*, 675 F.2d 846, 850 (7th Cir. 1982).  Moorman then directs the Defendant to a March 8, 2007, entry in her complaint which alleges an Assistant Manager was "very friendly" to her son (Doc. 1).  While Moorman states the incidents "appear to escalate, not only in number, but in seriousness," she fails to provide any facts that support this allegation.  Moreover, the incident(s) of alleged harassment does not meet the standards set out in prior cases.  For example, the Seventh Circuit has found physical contact between the president of a company and an employee and eight offensive comments to be insufficient to support a claim for harassment.  *Koelsch v. Beltone Electronics,* 46 F.3d 705 (7th Cir. 1995); *Baskerville v. Culligan,* 50 F.3d 428 (7th Cir. 1995).  The Court need not credit Moorman's bald assertions, without any specific factual allegations supporting the

same, that an Assistant Manager engaged in sexual harassing conduct toward Moorman's son. *See Iqbal*, 129 S. Ct. at 1949–50.

In sum, Moorman does not state a claim for sexual harassment sufficient to withstand the Wal-Mart's motion to dismiss. Therefore, this Court GRANTS Defendant's Motion to Dismiss relative to Plaintiff Moorman's sexual harassment/hostile environment claim.

5. *Adverse Employment Action Based on Belief that Moorman Worked for and/or Belonged to a Labor Union*

Moorman alleges she initiated a discussion at a Wal-Mart Round Table Meeting regarding Wal-Mart's, "Manager's Toolbox for Remaining Union Free" and as a result, was ignored by the District Manager (Doc. 1). This allegation is clearly inadequate as it fails to state a cognizable cause of action for relief.

IV. Conclusion

The Court has carefully reviewed Plaintiff Moorman's complaint and response and, despite liberal construction, finds that Moorman fails to plead sufficient facts that will sustain any allegations.

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendant's motion to dismiss (Doc. 10) is **GRANTED** on all counts, with leave to amend in accordance with the Court's directions as set forth above.

2. Within 21 days from the date of this order, plaintiff shall file and serve on counsel for the defendants an amended complaint. **If she fails to file a timely amended complaint, the motion to dismiss will be deemed with prejudice.**

       3.  If plaintiff files a timely amended complaint, the defendant shall have 14 days from the date of service to file an answer or responsive motion.

       **IT IS SO ORDERED.**

       **DATED: February 11, 2011**

                               **s/ *Michael J. Reagan***
                                 **MICHAEL J. REAGAN**
                                 **UNITED STATES DISTRICT JUDGE**