THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELAINE MOORMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-cv-405-MJR |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

REAGAN, District Judge:

Plaintiff Elaine Marie Moorman is proceeding in the District Court pro se. Moorman's amended complaint, alleging multiple forms of discrimination, harassment and retaliation by her former employer, Defendant Wal-Mart Stores, Inc., was dismissed on June 7, 2011 (Doc. 48), and Judgment was entered on June 8, 2011 (Doc. 49). A notice of appeal was filed on July 6, 2011 (Doc. 50). Moorman was granted an extension of time, until August 8, 2011, to move for pauper status on appeal (Doc. 56). On August 19, 2011, Moorman filed in the Court of Appeals for the Seventh Circuit her motion for leave to appeal in forma pauperis ("IFP") and accompanying financial affidavit, which were transferred to the District Court for ruling (Doc. 58).

The Court will overlook the fact that Moorman filed her motion to proceed as a pauper out of time. *See* Fed.R.App.P. 3(A)(2).

A fairly liberal standard governs motions for leave to appeal IFP. *See, e.g, Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998). A District Court may authorize commencement of an appeal without prepayment of fees by a person who submits an affidavit showing that he is unable to pay the appellate filing fee. 28 U.S.C. 1915(a)(1). However, authorization for IFP

1

status on appeal is not permissible if the District Court certifies in writing that the appeal "is not taken in good faith." 28U.S.C. 1915(a)(3); *see also Moran v. Sondalle*, 218 F.3d 647, 651(7th Cir. 2000)(revoking grants of IFP on appeal because "appeals are not taken in good faith for purposes of § 1915(a)(3)"). An appeal is not taken in good faith if the Court concludes that no reasonable person could suppose the appeal to have any merit. *See Lee v.Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). In other words, an appeal is not taken in good faith if the grounds for appeal are frivolous or the appeal is futile. *See Celske v. Edwards*, 164 F.3d 396, 397 (7th Cir.1999). But, as the Seventh Circuit admonished in *Pate*, 163 F.3d at 439: "We caution district courts not to apply an inappropriately high standard when making good faith determinations."

Moorman was denied pauper status when she commenced her case in the District Court (Doc. 5). At that time, Moorman indicated that she had set aside $455 "for appeal if the court rejects the case," but the Court will make its decision based only on Moorman's current financial affidavit. Moorman is unemployed, and she and her husband have a monthly retirement income of approximately $4,100; the Moormans also have approximately $10,000 in individual savings accounts and $570 cash on hand.[1] The Moormans' monthly expenses total approximately $2,500, which includes $113 "extra" payment toward a mortgage, and $565 to "help" their 33 year old son. Although Moorman's financial status is not ideal, it appears that she does have the ability to pay the appellate filing fee and the costs of an appeal. Having determined that Moorman can afford the costs of the appeal, the Court need not assess whether her appeal is taken in good faith.

---

[1] The Court will not take into account what the Court perceives to be the bulk of the Moormans' relatively modest retirement nest egg: an IRA, savings account and CDs, their home and real estate.

2

**IT IS THEREFORE ORDERED** that Plaintiff Moorman's motion to proceed in forma pauperis on appeal (Doc. 58) is **DENIED**. Plaintiff may refile her motion in the Court of Appeals for the Seventh Circuit pursuant to Federal Rule of Appellate Procedure 24.

**IT IS SO ORDERED.**

**DATED: August 22, 2011**

                                        s/ *Michael J. Reagan*
                                        **MICHAEL J. REAGAN**
                                        **UNITED STATES DISTRICT JUDGE**